■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENITO RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lombardo, J.), rendered April 23, 1984, convicting him of murder in the second degree (two counts), kidnapping in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The charges against the defendant and his codefendant Freddie Salcedo stemmed from the discovery of the body of Victor Ramirez, who was found dead several hours after he entered the defendant's grocery store. The People's evidence-in-chief consisted of a statement allegedly made by the defen-

dant to a civilian witness, Henry Bueno, and tape-recorded statements made by the codefendant to police informant Edward Atwell. A pretrial motion for severance was denied prior to the decision of the United States Supreme Court in *Cruz v New York* (481 US —, 107 S Ct 1714). We conclude that the holding in *Cruz* mandates reversal in the case at bar.

At trial neither the defendant nor the codefendant testified. However, in their statements which were introduced into evidence, the defendant and the codefendant implicated both themselves and each other. For the most part, the statements were to the effect that the defendant and codefendant had forced the decedent into the back of the grocery store and into a car waiting at the back. They drove him around for several hours whereupon the defendant attempted to choke the decedent with his bare hands. The decedent was able to break loose from the car at which time the codefendant shot him. At trial, the Medical Examiner testified that the decedent had died from asphyxiation from manual strangulation and internal hemorrhaging from gunshot wounds. There were no witnesses to the actual murder. At trial, the defense for the most part attempted to discredit the testimony of Bueno, alleging that he had a motive to lie because he received favorable treatment on a prior arson case in which he was implicated with the defendant. It was further established that Bueno did not come forward with the alleged statement made by the defendant until he was charged with the arson, approximately one year after the murder had occurred.

While the People concede that the defendant's rights were violated, they argue that any error was harmless because of the overwhelming evidence against the defendant *(see, Cruz v New York, supra)*. We cannot agree. While Bueno's statements were corroborated by both direct and circumstantial evidence at trial, the only evidence admissible against him which directly linked him to the crime was Bueno's testimony. However, " 'the precise content and even the existence of the [defendant's] own [admission] were open to question, since they depended upon acceptance of [Bueno's] testimony' " *People v Latif,* 135 AD2d 736, 738, quoting from *Cruz v New York, supra,* 481 US, at —, 107 S Ct, at 1718).

Moreover, while the court gave lengthy instructions to the jury several times during the course of the trial that Salcedo's taped admission was not to be used against the defendant, it failed to so instruct during the final charge to the jury. Under these circumstances, the failure to give the charge again added to the error. The defendant also complains that several

times during summation, the prosecutor implied that Salcedo's statements were evidence against the defendant as well. While these alleged errors are not preserved for review, we note that such statements could only serve to further deny the defendant the protection afforded him under the Confrontation Clause.

Based upon all of the foregoing we cannot deem harmless the admission into evidence of the statements of the codefendant since there is a reasonable possibility that the error might have contributed to the conviction (see, People v Crimmins, 36 NY2d 230, 241; People v Latif, supra).

In light of our disposition of this issue, we decline to address the defendant's remaining contentions. Brown, J. P., Weinstein, Sullivan and Balletta, JJ., concur.