THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL THOMAS, Appellant.

The charges against the defendant and his brother Leonard Thomas stemmed from criminal acts which were allegedly perpetrated against the complainant in February 1984. As part of the People's case, the prosecutor was permitted to introduce into evidence the defendant's and the codefendant's statements which were made to Deborah James, an individual known to the defendant and the codefendant. In their statements, the codefendant and the defendant implicated both themselves and each other. The statements were to the effect that the complainant was beaten by them and a third individual, Mark Richardson, because she had lost some cocaine which had been given to her to hold. Subsequently, the complainant's television set was taken from her apartment in retaliation for the loss of cocaine.

A pretrial motion for a severance was denied prior to the decision of the United States Supreme Court in *Cruz v New York* (481 US 186, 107 S Ct 1714) on the ground that the defendant's and his codefendant's statements were interlocking. In light of the holding of *Cruz,* the denial of the motion requires reversal in the case at bar.

While the defendant and his codefendant did not testify, Juan Terry, who was allegedly present during part of the time when the crimes allegedly occurred, as well as Mark Richardson, who was separately indicted for some of the same crimes, testified on their behalf.

Richardson stated that the complainant had hit him because he had thrown away hypodermic needles which belonged to her. In retaliation, he had smacked her and a fight ensued. Richardson claimed that he was the only person who hit the complainant; he also denied that the complainant's television, which had been discovered missing the day after the assault occurred, had been stolen. Richardson's testimony was corroborated in part by Juan Terry who had not been implicated at all by the complainant. Furthermore, the defense attempted to discredit the testimony of the complainant and James.

When the codefendant's purported confession was admitted into evidence, the trial court did not instruct the jury that it should not be considered against the defendant.

In light of the foregoing, we cannot deem harmless the erroneous admission into evidence of the statement of the codefendant since there is a reasonable possibility that the

error contributed to the conviction *(see, People v Crimmins,* 36 NY2d 230, 241; *People v Rodriguez,* 138 AD2d 643; *People v Latif,* 135 AD2d 736).

Although on appeal the People claim that the codefendant's admission constituted a declaration against penal interest and was supported by sufficient indicia of reliability to be directly admissible against the defendant, no such claim was proffered at trial. In view of this fact, the People cannot seek to uphold the denial of the defendant's motion for severance on this ground *(see, People v Cruz,* 70 NY2d 733; *People v Nieves,* 67 NY2d 125, *mot to amend remittitur denied* 67 NY2d 1028).

We note also that it was error for the trial court to deny the defendant's application to present additional evidence to corroborate Juan Terry's testimony that he was present at the crime scene. " 'The right to present evidence by witnesses of one's own choosing is a fundamental ingredient of due process *(Jenkins v McKeithen,* 395 US 411, 429 [, *reh denied* 396 US 869]), and the testimony of a defendant's witness should not be prospectively excluded unless it is offered in palpably bad faith *(People v Gilliam,* 37 NY2d 722, revg 45 AD2d 744 on the dissenting opn of Hopkins, J.; *People v McClinton,* 75 AD2d 900)' *(People v Forbes,* 87 AD2d 829)" *(People v Westergard,* 113 AD2d 640, 645, *affd* 69 NY2d 642). At bar, Terry disputed the complainant's account of the defendant's involvement in some of the crimes charged. Obviously the probative value of his testimony hinged upon establishing his presence at the crime scene. Since the complainant did not testify as to his presence, it was important for the defendant to have an opportunity to corroborate Terry's testimony that he was present at the crime scene.

We need not address the defendant's remaining contentions. Thompson, J. P., Lawrence, Eiber and Balletta, JJ., concur.