OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Appellant and a codefendant, Floyd Bailey, were each charged with two counts of rape, sodomy and unlawful imprisonment of a 14-year-old female. Originally, codefendant Bailey and another man, Darryl Schermerhorn, were arrested in connection with the crimes. Bailey confessed, implicating himself and appellant Russell, at which point Schermerhorn was released and Russell was arrested.
 

 A joint jury trial was held and Bailey’s redacted confession, which referred to himself and "another person”, was introduced without objection. Defendant was convicted on all counts. The Appellate Division modified by reversing defendant’s conviction for unlawful imprisonment and dismissing that count of the indictment (127 AD2d 805).
 

 Appellant now challenges the conviction on the rape and sodomy counts by maintaining that because Bailey’s redacted confession was admitted at trial, the denial of his motion to sever is reversible error. The purposes and requirements of the preservation rules are not satisfied by intertwining and piggy-backing distinct procedural steps of the criminal proceeding, as for example severance motions and evidentiary submissions. Defendant failed, therefore, to preserve the claim with respect to the admission of the codefendant’s redacted statements because no objection whatsoever was made as to that at the appropriate time, that is, when it was offered into evidence.
 

 
 *1018
 
 To be sure, a pretrial motion to sever the trials of the respective defendants was made by appellant’s counsel. But this was before the admissibility of the codefendant’s statement had even been determined. The trial court denied that motion expressly as "premature” and "without prejudice to renew”. On the eve of the trial, after the codefendant’s statement was found to be admissible in a
 
 Huntley
 
 hearing, appellant’s counsel sought a "verification” that the court would not grant a severance of trial. The Trial Judge verified that and added that the codefendant’s statement would be redacted to remove any reference to appellant by name. Counsel registered no complaint whatever, failed to state that a redaction was objectionable, and did not renew the motion to sever in the specific light of and with reference to the ruling on the admissibility of the codefendant’s confession and how it was going to be qualifiedly admitted into evidence. Instead, trial counsel acquiesced, proceeded with trial and waited until after the court had instructed the jury; only then did he for the very first time question the efficacy of the redaction and renew the motion for the severance. That was too late for preservation purposes in any event.
 

 Appellant also claims that the admission of certain other evidence pointed to him as the "other person” referred to in codefendant Bailey’s confession, thus negating any protection afforded by the redaction. Virtually all the evidence appellant now contends linked him to Bailey’s confession was admitted without objection, and whatever is preserved for review is so inconsequential as not to amount to prejudicial error, if error at all.
 

 Appellant’s remaining contentions are also either without merit or unpreserved.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed in a memorandum.