■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BONNIE L. FORANT, Appellant.—Kane, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered February 18, 1987, upon a verdict convicting defendant of the crimes of burglary in the first degree, robbery in the first degree and robbery in the second degree.

All of the relevant facts in this case are set forth in our decision affirming the conviction of a codefendant with whom defendant was jointly tried *(see, People v Tucker,* 140 AD2d 887). On this appeal, there are two additional issues raised by defendant seeking reversal which were not considered in *People v Tucker (supra).*

First, defendant contends that she was entitled to a separate trial and was severely prejudiced by the denial of her motion for a severance. Specifically, she contends that because of the meager evidence of her identity as a participant in the criminal activity, as compared to the clear identification of codefendant and that of the testifying accomplice, Stephen Stukes, an inference of her presence at the scene was created without the requisite proof. Additionally, she further contends that the evidence of the presence of codefendant's fingerprints at the scene compounded this prejudice.

A motion for severance is addressed to the sound discretion of the trial court (CPL 200.40 [1]) and where, as here, the independent proof of defendant's guilt is substantial and the same evidence supplied the necessary proof for the conviction of codefendant *(see, People v West,* 110 AD2d 971), a claim for prejudice must fail. Moreover, the legal effect of any statement made by codefendant or Stukes relevant to defendant's participation in the crimes was properly explained to the jury in the curative instructions of County Court and in its charge *(see, CPL 300.10 [3]).*

Second, and equally without merit, is defendant's claim of the lack of an independent basis for her in-court identification. Evidence of an improper "show up" identification at the police station was suppressed by County Court, but the identifying

witness and victim of the crimes, Father Edward Sipperly, later identified defendant in court with the additional assistance of a voice exemplar. In our view, the record demonstrates a clear independent basis for the subsequent identification untainted by any prior observation of defendant at the police station *(see, People v Pleasant,* 54 NY2d 972, 973-974, *cert denied* 455 US 924; *People v Ferkins,* 116 AD2d 760, 763-764, *lv denied* 67 NY2d 942).

Finally, under the circumstances presented, we find the sentence imposed neither harsh nor excessive.

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Yesawich, Jr., and Levine, JJ., concur.