OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*942 Defendant was convicted of murder, second degree, committed during the course of a street robbery. He contends on this appeal that there must be a reversal because the court erroneously admitted a codefendant’s statement at the trial and that its error in doing so was not harmless (see, Cruz v New York, 481 US 186).
Three eyewitnesses testified at the trial, each stating that four youths approached the victim while he was changing a tire, that two held the victim while the others attempted to rob him and that during the course of the robbery the victim was shot. The dying declaration of the victim was also received in evidence confirming this version of the incident.
Defendant gave two statements to police. He admitted that he was together with three others that night, that one of his companions had a gun, and that shortly before the robbery they observed the victim and approached to rob him. In his first statement, which he later recanted, he admitted that he took part in the robbery. In his second statement he changed his story to assert that he did not participate in the robbery but was standing three to four feet away from the victim when it occurred. However, he acknowledged that he was with the others, that he knew one of them had a gun, and that the group approached the victim intending to rob him.
In view of this strong evidence of guilt, the admission of a codefendant’s statement, consistent in all respects with defendant’s except that the codefendant claimed that he, not defendant, had remained a few feet away while the robbery and shooting occurred, was harmless beyond a reasonable doubt (see, People v Hamlin, 71 NY2d 750; cf., People v Pitts, 71 NY2d 923).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.