◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

MAXIMANO VARGAS, JR., Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demakos, J.), rendered June 30, 1982, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by the defendant.

Ordered that the judgment is affirmed.

The defendant contends that he was arrested without probable cause and that his postarrest statements and the physical evidence seized were the product of that unlawful arrest. We disagree.

The police had probable cause to arrest the defendant at the time he was taken into custody. In addition to receiving reliable information moments before entry into the apartment building where the defendant lived, the police had knowledge of the homicide and Detective Velotta found the defendant hiding under a neighbor's bed. "[A]dditional evidence of furtive or evasive behavior on the part of the participants suffices to establish probable cause * * *. Such evidence, suggesting consciousness of guilt, has traditionally been considered some proof of a crime" *(People v McRay,* 51 NY2d 594, 604). Probable cause does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place *(see, People v Bigelow,* 66 NY2d 417, 423; *People v McRay, supra,* at 602). The police had sufficient information to support a reasonable belief that the defendant had committed a crime.

In concluding that probable cause existed here, we find that the two-prong requirements of the *Aguilar-Spinelli* test *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410) are satisfied with regard to the informant's report *(see, People v Bigelow, supra; People v Johnson,* 66 NY2d 398). Under *Aguilar-Spinelli,* it must be shown that the informant possesses a basis of knowledge for the information relayed and that there is something to indicate that the informant is reliable *(see, People v Johnson, supra,* at 402-403). The hearing court noted that Angel Rafael Solar, a bystander, had no apparent motive to falsify information. The record contains ample evidence from which the hearing court properly concluded that this citizen-informant is worthy of belief *(see, People v Hicks,* 38 NY2d 90, 94). It is also obvious from the

record that Solar's information was based on personal observations. As the police were conducting their investigation, Solar, who believed that his brother may have been the homicide victim, asked for the identity of the deceased. He immediately stated that he and the deceased had been friends and related his observations in an honest and forthright manner. He said that the defendant, Rubin Rivera and Rinaldo Zayes had pulled knives on the deceased at 4:30 that morning in front of his store at 545 Riverdale Avenue. Solar further stated that Zayes worked for him on prior occasions and that the defendant and Rivera resided in the area. He gave the police detailed descriptions of the three men and of the vehicle that Rivera was driving, together with the license plate number. He also told the police that the defendant resided at 355 New Lots Avenue. Before the police entered the defendant's apartment building, Solar assured them that the address was accurate and that the defendant was at the window of his apartment.

A question arises under the decision in *Cruz v New York* (481 US 186, 95 L Ed 2d 162), with respect to the admission into evidence of the codefendant's oral statement, through Detective Velotta's testimony, at the joint trial. In *Cruz,* the Supreme Court held that where, as here, a nontestifying codefendant's confession incriminating the defendant is not directly admissible against the defendant, the Confrontation Clause bars its admission at their joint trial, even if limiting instructions are given to the jury and even if the defendant's own confession is admitted against him. The defendant confessed to law enforcement officials that he stabbed the victim. At trial, he testified and denied committing the crime.

We note that the defendant did not preserve this issue either by moving for a severance or by objecting to the introduction of the statements of the codefendant. The People concede that there was error, but argue that the error was harmless beyond a reasonable doubt. We agree. Where a Confrontation Clause violation is involved, the error under review will be deemed harmless only where it can be said that the error was harmless beyond a reasonable doubt *(see, Harrington v California,* 395 US 250; *People v Smalls,* 55 NY2d 407)*.* To satisfy that criterion, there must be overwhelming proof of guilt and no reasonable possibility that the jury would have acquitted the defendant but for the subject error. Where a Confrontation Clause violation is involved, the defendant's own confession may be considered on appeal in assessing whether the violation was harmless *(see, Cruz v New York,*

*supra).* The evidence adduced at trial, including the defendant's voluntary confession to law enforcement officials and the recovery—from his apartment—of the knife used to commit the crime, as well as the testimony of the witness Rosario provided overwhelming evidence of his guilt. Furthermore, upon review of the record, we believe that there is no reasonable possibility that the jury would have acquitted the defendant if the codefendant's statements had not been introduced. Under the circumstances, the error in admitting the nontestifying codefendant's confession at the joint trial was clearly harmless beyond a reasonable doubt *(cf., People v Cruz,* 70 NY2d 733).

We have considered the defendant's remaining contentions and find them to be without merit. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.