■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSWALD WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered May 28, 1986, convicting him of murder in the second degree, attempted robbery in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant Oswald Williams and his two codefendants, Dwight Bynoe and Sheldon Duke, were jointly tried in connection with the robberies of the two complaining witnesses and the attempted robbery and felony murder of the complainants' companion, Victor Ortiz. The defendant and both codefendants had given the police statements incriminating themselves and each other and had made videotaped confessions. Although only the codefendant Bynoe testified at the trial, the unredacted statements of the defendant and both codefendants were admitted into evidence at their joint trial.

On appeal, the defendant argues, *inter alia,* that the introduction at trial of the statements of his nontestifying codefendant, Sheldon Duke, constituted a violation of the Confrontation Clause (US Const 6th Amend; *see, Bruton v United States,* 391 US 123; *see also, Cruz v New York,* 481 US 186, *on remand* 70 NY2d 733) and that such error requires reversal by this court. We disagree. The defendant's claim in this respect has not been preserved for appellate review as a matter of law (CPL 470.05 [2]; *see, People v Russell,* 71 NY2d 1016), and we decline to exercise our interest of justice jurisdiction so as to review the contention.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

We have examined the appellant's remaining contentions and find that they were either unpreserved for appellate review (CPL 470.05 [2]) or lacking in merit. Mangano, J. P., Lawrence, Kooper and Sullivan, JJ., concur.