THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY MEANS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Sullivan, J.), rendered April 8, 1986, convicting him of manslaughter in the first degree, robbery in the second degree, assault in the second degree (two counts) and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although it was error to admit the statements of the nontestifying codefendants (see, Cruz v New York, 481 US 186, on remand 70 NY2d 733), we conclude that the testimony of numerous eyewitnesses, their identification of the defendant,

and the forensic evidence connecting the defendant to the crimes constituted overwhelming evidence of his guilt.

There was no reasonable possibility that the jury would have acquitted the defendant had the codefendants' statements not been admitted. The case at bar is parallel with *People v West* (72 NY2d 941), in which the admission of the codefendant's statement was found to be harmless beyond a reasonable doubt. Under these circumstances, we find that the admission of the codefendants' statements was harmless beyond a reasonable doubt *(see, People v West, supra; People v Hamlin,* 71 NY2d 750; *People v Martin,* 149 AD2d 534; *People v Ortiz,* 137 AD2d 727).

Moreover, the trial court did not err in refusing to charge petit larceny and assault in the third degree as lesser included offenses. There was no reasonable view of the evidence which would have supported the submission of those charges *(see,* CPL 300.50 [1]; *People v Glover,* 57 NY2d 61; *People v Wedgeworth,* 104 AD2d 915).

In light of the brutality of the crime, we find that the sentence imposed was neither unduly harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). The separate and distinct acts of assault justified the imposition of consecutive sentences *(see,* Penal Law § 70.25 [2]; *People v Walsh,* 44 NY2d 631). Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.