■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER JONES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered November 14, 1986, convicting him of robbery in the second degree (two counts), assault in the third degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred by permitting the testimony of one of the police officer witnesses that after speaking with the victim of the robbery and assault he arrested the defendant. He claims that this testimony indirectly bolstered the identification of the defendant and was improper. This claimed error is not preserved for appellate review (CPL 470.05 [2]; *People v West,* 56 NY2d 662). In any event, the defendant's identity was not an issue in the case and, therefore, there was no violation of the principles enunciated in *People v Holt* (67 NY2d 819; *cf., People v Trowbridge,* 305 NY 471).

Equally without merit is the defendant's claim that the admission into evidence of the statement of the nontestifying codefendant violated his right to confront his accuser. Having failed to register a timely objection on this basis, the defendant failed to preserve the issue for our review (CPL 470.05 [2]; *People v Russell,* 71 NY2d 1016, 1017-1018) and we do not find that reversal in the interest of justice is warranted. The statement of the nontestifying codefendant was not a confession which inculpated the defendant, but rather was an exculpatory version of the events which supported the defendant's own statement to the police as well as his subsequent trial testimony. Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.