■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVEIGO RESTREPO-VELEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorpe, J.), rendered September 15, 1986, convicting him of rape in the first degree (four counts) and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Notwithstanding the defendant's contention to the contrary, we find that the police officer who interviewed the defendant and his codefendant David Turcios-Umana, had an adequate command of the Spanish language so as to render him qualified to testify as to the contents of their respective statements and to accurately transcribe those statements (see, People v Turcios-Umana, 153 AD2d 707).

We further find that the defendant's contention that his guilt was not proven beyond a reasonable doubt is without merit. The jury was presented with the testimony of the complainant and the defendant's statement that the defendant and the codefendant took turns repeatedly raping, fondling and kissing her while the other forcibly held her down. The medical testimony established that the victim had various scratches and abrasions on her body. The defendant testified that the victim consented to his touching her body, and claimed that he never removed her clothing, or raped her. This conflict in testimony created a question of credibility which was resolved by the jury in favor of the People. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant's claim that he was prejudiced by the admission of the codefendant's statement (see, Cruz v New York, 481 US 186) is unpreserved for review because he failed to move for a severance or to object to its introduction (see, People v Vargas, 143 AD2d 699). In any event, we find that the admission of Turcios-Umana's statement was harmless in light of the fact that the defendant's statement detailed his participation in the crime and was more incriminating than his codefendant's statement. Moreover, the defendant's statement was partially corroborated by medical testimony indicating physical injury to the victim, as well as a police officer's testimony that he observed that the victim's clothing was soiled and he

found her pantyhose in the park where she claimed to have been raped. Given the overwhelming evidence of the defendant's guilt, the admission of the codefendant's statement was rendered harmless beyond a reasonable doubt *(see, People v Hamlin,* 71 NY2d 750; *People v Alleyne,* 154 AD2d 473).

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contention and find it unpreserved for appellate review, and, in any event, without merit *(see,* CPL 300.50 [1]; *People v Glover,* 57 NY2d 61). Mangano, J. P., Thompson, Lawrence and Rosenblatt, JJ., concur.