■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ORLANDO PENA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Sullivan, J.), rendered April 8, 1986, convicting him of manslaughter in the first degree, robbery in the second degree, assault in the second degree and criminal possession of a weapon in the

fourth degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and his two codefendants were tried jointly on charges stemming from a racial incident in a Staten Island park which resulted in the death of a teen-ager. The day following the homicide, the defendant and codefendant Rodney Means made "substantially identical" statements *(People v Cruz,* 66 NY2d 61, 69, *revd* 481 US 186). The other codefendant testified before the Grand Jury.

The Trial Judge, in reliance upon the law prevailing at the time, denied the defendant's motion which demanded a severance based on the *Bruton* rule *(Bruton v United States,* 391 US 123). The codefendants' statement and Grand Jury testimony were subsequently introduced into evidence at the joint trial. While the Confrontation Clause bars the admission at a joint trial of a nontestifying codefendant's confession which serves to incriminate the defendant, the defendant's own confession may nevertheless be considered on appeal in assessing whether any violation of the Confrontation Clause was harmless *(see, Cruz v New York,* 481 US 186, *supra, on remand* 70 NY2d 733, *People v Hamlin,* 71 NY2d 750; *People v Means,* 152 AD2d 751). A violation of the Confrontation Clause may be deemed harmless beyond a reasonable doubt if there is no reasonable possibility that the jury would have acquitted the defendant absent the error *(see, People v West,* 72 NY2d 941; *People v Hamlin, supra; People v Means, supra).*

Applying these principles to the instant case, we conclude that there was no reasonable possibility that the jury would have acquitted this defendant had the codefendants' statement and Grand Jury testimony not been admitted. The defendant's own statement demonstrated his guilt. The defendant was identified by numerous eyewitnesses whose version of events was corroborated by the physical evidence adduced through expert testimony.

Moreover, the trial court did not err in refusing to charge petit larceny and manslaughter in the second degree. There is no reasonable view of the evidence which would have supported the submission of these charges *(see, People v Glover,* 57 NY2d 61; *People v Weems,* 105 AD2d 763; *People v Wedgeworth,* 104 AD2d 915).

The defendant's remaining contentions lack merit. Mangano, J. P., Thompson, Bracken and Rubin, JJ., concur.