■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD THOMAS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered March 11, 1985, convicting him of robbery in the second degree (two counts), burglary in the second degree, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The facts of this case pertinent to this appeal are clearly set forth in this court's decision and order in *People v Thomas* (140 AD2d 562) which involved an appeal by the codefendant.

The People concede, and we agree, that it was error for the court to deny severance of the trials against the defendant and the codefendant *(see, Cruz v New York,* 481 US 186) and to disallow the introduction of evidence which would have placed a defense witness at the scene of some of the crimes. We find that the errors cannot be deemed harmless *(see, People v Crimmins,* 36 NY2d 230, 241).

The error committed by the court in permitting the confessions of both the defendant and the codefendant to be introduced into evidence is not harmless under the circumstances of this case because there is a reasonable possibility that it contributed to the defendant's conviction *(see, People v Crimmins, supra,* at 237, 240-241; *People v Pitts,* 71 NY2d 923, 925). Also harmful was the court's refusal to permit the introduction of additional evidence to corroborate the testimony of Juan Terry, a defense witness, that he was present at the scene of the crime *(see, People v Thomas, supra,* at 564). Mangano, P. J., Bracken, Kunzeman and Sullivan, JJ., concur.