◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TRENT EVANS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered May 16, 1986, convicting him of robbery in the second degree, robbery in the third degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On December 13, 1984, the defendant and two accomplices exited an automobile and robbed the complainant of his

jacket. The defendant and his accomplices were subsequently arrested after the complainant supplied the police with the license plate number of the car the defendant had been operating during the robbery. The defendant and his two codefendants signed detailed confessions recounting their complicity in the robbery, which statements were admitted into evidence at their joint trial. On appeal, the defendant argues that the admission of his nontestifying codefendants' confessions constituted a violation of his constitutional right to confrontation, requiring reversal of his conviction *(see, Cruz v New York,* 481 US 186; *Bruton v United States,* 391 US 123). We conclude otherwise and affirm.

We note that the defendant neither challenged the introduction of his codefendants' statements on *Bruton* grounds, nor moved for a severance, thereby failing to preserve his present assertion for appellate review *(see,* CPL 470.05 [2]; *People v Jefferson,* 156 AD2d 716; *People v Restrepo-Velez,* 156 AD2d 488; *People v Vargas,* 143 AD2d 699; *see also, People v Russell,* 71 NY2d 1016; *People v Green,* 138 AD2d 516). In any event, while we recognize that the admission of the codefendants' statements was improper *(see, Cruz v New York,* 481 US 186, *supra; Bruton v United States, supra; People v [Leonard] Thomas,* 160 AD2d 968), under the circumstances, the error was harmless beyond a reasonable doubt *(see, e.g., People v Hamlin,* 71 NY2d 750; *People v Crimmins,* 36 NY2d 230; *People v Pena,* 159 AD2d 651). The defendant's own statement fully detailed his participation in the crime and closely mirrored, in material part, the events as described by the complainant *(see, People v Lozado,* 157 AD2d 630; *People v Restrepo-Velez, supra).* Moreover, the complainant was able to provide the police with the license plate number of the car the defendant was operating during the robbery, which was owned by the defendant's father, with whom the defendant resided at the time the crime was committed. Under the circumstances presented, the overwhelming evidence of the defendant's guilt rendered the admission of the codefendants' statements harmless beyond a reasonable doubt *(see, People v West,* 72 NY2d 941; *People v Hamlin, supra; People v Pitts,* 71 NY2d 923; *People v Pena, supra).* Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.