■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVERNON LE GRANDE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered September 15, 1987, convicting him of criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Court of Appeals has noted that when a trial court exercises its discretion in denying a motion for a separate trial, the "defendants' burden [is] to demonstrate [that an] abuse of that discretion is a substantial one" (People v Mahboubian, 74 NY2d 174, 183). It is clear from the record that the codefendant's counsel did not indicate that his client would testify as the defendant's attorney had alleged. Con-

trary to the defendant's claim, we find that the trial court did not improvidently exercise its discretion in denying the defendant's motion for a separate trial where he failed to show that the codefendant would testify if the trials were severed or that any testimony that the codefendant would give would tend to exculpate him *(see, People v Bornholdt,* 33 NY2d 75, *cert denied sub nom. Victory v New York,* 416 US 905; CPL 200.40 [1]). Bracken, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.