■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL DRAKE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered July 31, 1986, convicting him of assault in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We find unpersuasive the defendant's contention that the evidence was not of adequate quantity or quality to sustain his conviction. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination is entitled to great deference on appeal and should not be disturbed unless clearly unsupported

by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (CPL 470.15 [5]).

The defendant also contends that the admission of his nontestifying codefendant's Grand Jury testimony constituted a violation of his constitutional right to confrontation, requiring a reversal of his conviction *(see, Cruz v New York,* 481 US 186; *Bruton v United States,* 391 US 123). The defendant neither challenged the introduction of this testimony on *Bruton* grounds nor moved for severance, thereby failing to preserve his present assertions for appellate review *(see,* CPL 470.05 [2]; *People v Evans,* 161 AD2d 790; *see also, People v Russell,* 71 NY2d 1016). In any event, the introduction of his codefendant's Grand Jury testimony, if error, was harmless beyond a reasonable doubt *(see, People v Hamlin,* 71 NY2d 750; *People v Evans, supra; People v Crimmins,* 36 NY2d 230) because such testimony related only to those charges of which the defendant was acquitted.

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Sullivan and Miller, JJ., concur.