■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MITCHELL, Appellant.—Levine, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered March 7, 1990, upon a verdict convicting defendant of the crimes of robbery in the second degree and attempted robbery in the second degree.

Defendant was charged in a 13-count indictment with attempted murder in the second degree, robbery in the first and second degrees, and attempted robbery in the first and second degrees. The charges stemmed from a May 1989 incident in the City of Schenectady, Schenectady County, involving defen-

dant and his codefendant, Reginald Barnhill, and four complainants. At a joint trial, defendant testified on his own behalf while Barnhill declined to testify. The Grand Jury testimony of both defendant and Barnhill was admitted into evidence. Defendant was subsequently convicted of robbery in the second degree and attempted robbery in the second degree and sentenced to concurrent prison terms. This appeal followed.

Defendant's first contention on this appeal is that the admission at trial of his nontestifying codefendant's Grand Jury testimony resulted in a violation of his constitutional right to confrontation, requiring reversal of his conviction (see, Cruz v New York, 481 US 186; Bruton v United States, 391 US 123). Under the circumstances of this case, we find defendant's argument unavailing. Whatever error may be ascribed to the introduction of Barnhill's Grand Jury testimony was harmless beyond a reasonable doubt (see, People v West, 72 NY2d 941, 942; People v Hamlin, 71 NY2d 750, 756; People v Crimmins, 36 NY2d 230, 237) because that testimony was consistent with defendant's own direct testimony at trial and did not implicate defendant any further. Moreover, overwhelming independent evidence of defendant's guilt was provided by the testimony of two of the complainants, who positively identified defendant at trial as one of the perpetrators and gave consistent accounts of defendant's involvement in the crimes for which he was convicted. In view of the foregoing, we conclude that there was no reasonable possibility that the error might have contributed to defendant's conviction (see, People v Crimmins, supra; People v Means, 152 AD2d 751, 751-752, lv denied 74 NY2d 849, 75 NY2d 773).

Defendant's only other contention is that County Court improperly denied his motion for severance. In support of this claim, defendant argues primarily that he was prejudiced by the joint trial because he was deprived of the right to call Barnhill as a witness on his behalf. This argument is unpersuasive, as we find nothing in the record before us indicating that Barnhill would have agreed to testify if the trial was severed or that his testimony would have tended to exculpate defendant (see, People v Le Grande, 162 AD2d 474, 475, lv denied 76 NY2d 941). We are likewise unpersuaded by defendant's remaining claims of prejudice. Defendant having failed to demonstrate that County Court abused its discretion in denying him a separate trial, that decision should not be disturbed (see, CPL 200.40 [1]; People v Mahboubian, 74 NY2d

174, 183; *People v Forant,* 142 AD2d 891, *lv denied* 72 NY2d 1045).

Weiss, P. J., Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed.