■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS LEROY WHETHERS, Appellant. [594 NYS2d 351] —Appeal by the defendant from a judgment of the Supreme Court, Nassau County, (Thorp, J.), rendered September 14, 1989, convicting him of robbery in the first degree (three counts) and robbery in the second degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

This criminal prosecution was commenced by a single indictment charging the defendant with robbery in the first degree and related offenses arising from two incidents, one on August 29, 1985, and the other on September 7, 1985, when the defendant robbed the same gas station in Freeport, New York.

The defendant contends that the trial court erred in conducting a joint trial of the crimes charged. However, the defendant's failure to move to sever the indictment, or for separate trials, renders his present assertion unpreserved for appellate review as a matter of law (see, CPL 470.05 [2]; *People v Evans*, 161 AD2d 790, 791). In any event, it is well settled that separate offenses are joinable in a single indictment and may be tried together when the "offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law" (CPL 200.20 [2] [c]; *see, People v Jenkins*, 50 NY2d 981). Insofar as the defendant did not object to a joint trial, he wholly failed to make a convincing showing that he would be unduly and genuinely prejudiced by the joint trial of these cases, and to demonstrate in concrete terms that he had a strong need to refrain from testifying concerning the charges arising from one incident, and important testimony to present concerning the second incident (see, *People v Lane*, 56 NY2d 1; *People v Shapiro*, 50 NY2d 747; *People v O'Dell*, 185 AD2d 901).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Bracken, J. P., Eiber, Ritter and Pizzuto, JJ., concur.