■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRENCE RICE, Also Known as TERENCE RICE, Also Known as TERRANCE RICE, Appellant. [652 NYS2d 55] —Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered October 16, 1991, as amended October 25, 1991, convicting him of attempted murder in the first degree (three counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence, and (2), by permission, from an order of the same court, entered January 21, 1994, which denied, without a hearing, his motion to vacate the judgment of conviction pursuant to CPL 440.10.

Ordered that the judgment, as amended, and the order are affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's intent to kill (*see, People v Cabassa*, 79 NY2d 722). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]).

The trial court's denial, on April 22, 1991, of the defendant's motion to sever his trial from that of the codefendant Darryl Smith, based upon the papers before it, and without any discussion, did not constitute a "critical stage" of the proceedings (*see, People v Ciaccio*, 47 NY2d 431, 436). Accordingly, the absence of defense counsel when that ruling was made did not constitute a deprivation of the defendant's rights. In any event,

the court reconsidered its ruling in defense counsel's presence at the commencement of the trial in September 1991, and, after there was no unequivocal statement that Smith was willing to testify in the defendant's behalf, the parties proceeded with a joint trial of the defendant and Smith. Since it was not established that Smith agreed to testify if the trials were severed, the severance motion was properly denied (*see, People v Mitchell,* 180 AD2d 906; *People v Le Grand,* 162 AD2d 474). We further note that the court granted the defendant a separate trial from the codefendant Tyrone Flowers, because Flowers had agreed to testify in the defendant's behalf.

The court properly denied the defendant's motion pursuant to CPL 440.10 without holding a hearing. The defendant's claims of ineffective assistance of counsel amounted to second guessing defense counsel's trial strategy (*see, People v Satterfield,* 66 NY2d 796, 799).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Sullivan, Altman and Goldstein, JJ., concur.