◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN JOAQUIN, Appellant. [664 NYS2d 735] —Appeal by the defendant from a judgment of the County Court, Nassau County (Kowtna, J.), rendered July 19, 1995, convicting him of grand larceny in the third degree and reckless driving in violation of Vehicle and Traffic Law § 1212, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant failed to establish the need for the testimony of Officer Baran, an identifying witness, at the *Wade* hearing. All of the relevant facts necessary to render a determination were elicited from the officers who did testify at the hearing. Thus, the court did not err in denying the defendant's application to compel Officer Baran's testimony (*see, People v Chipp,*

75 NY2d 327; *People v Padilla,* 219 AD2d 688). Further, the court did not improvidently exercise its discretion in denying the defendant's motion for a severance where, *inter alia,* his defense and that presented by his codefendant were not in irreconcilable conflict, and the defendant failed to establish that, if a severance was granted, his codefendant would provide exculpatory testimony in his behalf (*see, People v Cardwell,* 78 NY2d 996; *People v Mahboubian,* 74 NY2d 174; *People v Le Grande,* 162 AD2d 474; *People v Mouzon,* 154 AD2d 626).

The court did not err in denying the admission into evidence of certain recorded statements allegedly made by the codefendant. The statements sought to be entered were, *inter alia,* neither against the codefendant's penal interest (*see, People v Thomas,* 68 NY2d 194; *People v Shortridge,* 65 NY2d 309; *People v Settles,* 46 NY2d 154), nor sufficiently critical to the defense and otherwise trustworthy and reliable to warrant their admission (*see, People v Esteves,* 152 AD2d 406).

We have considered the defendant's remaining contentions and find them to be without merit. Ritter, J. P., Thompson, Friedmann and McGinity, JJ., concur.