■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRES CARDONA, Appellant. [663 NYS2d 18] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered December 14, 1995, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed. The matter is remanded to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

By making only a general objection to the introduction of a severed, nontestifying codefendant's statement during the People's cross-examination of defendant, defendant failed to preserve for appellate review his claim that his right of confrontation (*cf., Bruton v United States*, 391 US 123) was violated (*see, People v Cabeza*, 221 AD2d 460, *lv denied* 87 NY2d 971) and we decline to review it in the interest of justice. Were we to review it, we would find that in the context of the trial, the cross-examination was proper, where the People claimed that the statement was made by both defendant and the codefendant, while defendant denied making the statement and belatedly attributed the statement solely to the codefendant only during his cross-examination at trial. Even assuming that the statement was made solely by the codefendant, any

error in permitting the People to use it during the cross-examination of defendant was harmless in light of the overwhelming evidence of defendant's guilt (*see, People v Hamlin*, 71 NY2d 750, 758; *People v Evans*, 161 AD2d 790, 791).

The trial court properly denied defendant's request to charge the lesser included offense of assault in the third degree, since there was no reasonable view of the evidence that would support a finding that the defendant committed that lesser offense and not the greater offense of assault in the second degree (*see, People v Glover*, 57 NY2d 61, 63).

Finally, since the defendant never asserted, at the time of sentence, that he was entitled to an adjudication of his youthful offender status, his right thereto was waived (*see, People v McGowen*, 42 NY2d 905). We perceive no abuse of sentencing discretion. Concur—Murphy, P. J., Rosenberger, Wallach and Mazzarelli, JJ.