■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN COLLINS, Appellant. [670 NYS2d 789] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (George, J.), rendered April 29, 1996, convicting him of assault in the first degree, assault in the second degree (two counts), robbery in the first degree, robbery in the second degree, robbery in the third degree, criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN COLLINS, Appellant. [670 NYS2d 783] —Appeal by the defendant from a judgment of the County Court, Nassau County (Kowtna, J.), rendered January 24, 1996, convicting him of robbery in the first degree (two counts), and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's claim that the evidence was not legally sufficient to support his conviction is unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, viewing the evi-

dence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's claim that charges arising from two separate incidents were improperly joined in one indictment is unpreserved for appellate review as a matter of law (*see, People v Whethers,* 191 AD2d 526). In any event, the offenses were properly joinable pursuant to CPL 200.20 (2) (c) (*see, People v Edwards,* 160 AD2d 720).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80, 85).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Copertino, Thompson and McGinity, JJ., concur.