■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PASQUAL PETERS, Appellant. [704 NYS2d 456] —Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered October 22, 1996, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 10 to 20 years, unanimously affirmed.

Defendant's sufficiency of the evidence claim focusing on identification issues is unpreserved (see, People v Gray, 86 NY2d 10, 19), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the verdict was based on legally sufficient evidence. We see no reason to disturb the jury's determinations concerning identification. Defendant's mid-trial severance motion was properly denied as untimely because defendant was aware prior to trial of the circumstances that allegedly gave rise to irreconcilable defenses (see, CPL 255.20 [3]; see also, People v Owens, 22 NY2d 93, 98). Furthermore, defendant clearly abandoned his current severance claim (see, People v Russell, 71 NY2d 1016). In any event, we find that severance was unwarranted since defendant's and his codefendant's core defenses were not in irreconcilable conflict and there was no other basis for severance (see, People v Mahboubian, 74 NY2d 174, 183). Concur—Nardelli, J. P., Mazzarelli, Lerner and Andrias, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PITTER, Also Known as JAMES EVERETT, Appellant. [704 NYS2d 456] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered April 18, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The totality of the evidence provided ample basis for the inference that the cocaine found in the buyer's possession was sold to him by defendant in the transaction witnessed by the officer. Concur—Nardelli, J. P., Mazzarelli, Lerner and Andrias, JJ.