■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID A. WILLIAMS, Appellant. [737 NYS2d 737] —Appeal from a judgment of Supreme Court, Erie County (Wolfgang, J.), entered August 4, 1998, convicting defendant after a jury trial of, inter alia, manslaughter in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant was convicted after a jury trial of manslaughter in the first degree (Penal Law § 125.20 [1]) and criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]) based on the testimony of a police officer who observed him repeatedly strike the victim's head with a bat during an argument. We reject the contention of defendant that he was denied a fair trial by Supreme Court's refusal to admit in evidence an exculpatory statement given to the police by defendant's cousin before his death (*see, Chambers v Mississippi,* 410 US 284, 298-302). The statement was not sufficiently "trustworthy and reliable to warrant [its] admission" (*People v*

*Joaquin*, 242 AD2d 589, 590, *lv denied* 91 NY2d 893; *see, People v Williams*, 169 AD2d 798, 799, *lv denied* 77 NY2d 968; *People v Esteves*, 152 AD2d 406, 413-415, *lv denied* 75 NY2d 918). We further conclude that the evidence, viewed in the light most favorable to the prosecution (*see, People v Contes*, 60 NY2d 620, 621), is legally sufficient to disprove the defense of justification beyond a reasonable doubt (*see, People v Bleakley*, 69 NY2d 490, 495). The testimony of the police officer who witnessed the crime establishes that defendant did not act in self-defense. Furthermore, we conclude that the jury verdict rejecting the defense of justification is not against the weight of the evidence (*see, People v Bleakley, supra* at 495). "[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses" (*People v Hernandez*, 288 AD2d 489, 490). Nor is the sentence unduly harsh or severe.

Defendant failed to preserve for our review his contention in the pro se supplemental brief that he was denied a fair trial by comments made by the prosecutor in summation (*see*, CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]). Contrary to the further contention of defendant in the pro se supplemental brief, he received meaningful representation (*see, People v Baldi*, 54 NY2d 137, 147). Present—Hayes, J.P., Wisner, Hurlbutt, Burns and Lawton, JJ.