People v Smith
2026 NY Slip Op 02855
May 6, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,
v
Gregory Smith, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 6, 2026
2021-06948, (Ind. No. 85/19)
Hector D. Lasalle, P.J.
Linda Christopher
Carl J. Landicino
James P. McCormack, JJ.

Richard L. Herzfeld, New York, NY, for appellant.
Melinda Katz, Special District Attorney, Kew Gardens, NY (Johnnette Triall of counsel), for respondent.

[*1]
DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Susan Cacace, J.), rendered July 13, 2021, convicting him of criminal possession of a controlled substance in the seventh degree, criminal possession of a controlled substance in the third degree, and criminally using drug paraphernalia in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
"'Evidence of [prior] uncharged crimes . . . may be admissible . . . where it is relevant to a material issue in the case such as intent, motive, knowledge, absence of mistake, common scheme or plan, or identity, or if it provides necessary background information'" (People v Espinal-Ramos, 225 AD3d 621, 621-622, quoting People v Delacruz, 207 AD3d 652, 653-654; see People v Lewis, 69 NY2d 321, 325). Where "'there [is] a proper nonpropensity purpose, the decision [as to] whether to admit evidence of [a] defendant's prior . . . acts rests upon the trial court's discretionary balancing of probative value and unfair prejudice'" (People v Brewer, 28 NY3d 271, 276 [internal quotation marks omitted], quoting People v Frankline, 27 NY3d 1113, 1115).
Here, the County Court did not err in admitting text messages from the defendant's cell phone, which allegedly related to prior narcotics sales, as those text messages were relevant to the defendant's intent to sell narcotics (see People v Hunter, 244 AD3d 1239, 1240). Moreover, the potential for unfair prejudice against the defendant was outweighed by the probative value of the challenged evidence (see People v Blackwell, 219 AD3d 619, 621).
The defendant failed to preserve for appellate review his contention that the County Court erred in permitting one of the People's witnesses to testify as an expert on the use of certain "code words" in connection with the sale of drugs (see CPL 470.05[2]). In any event, any error in permitting the expert testimony was harmless because the defendant was acquitted of criminal possession of a controlled substance in the third degree with intent to sell (see People v Drake, 170 AD2d 457, 458).
"Trial Judges have a continuing duty, not to be lightly eschewed, to see to it that the [*2]proceedings are conducted with solicitude for the essential rights of the accused" (People v Medina, 44 NY2d 199, 207). "They should carefully evaluate serious complaints about counsel" (id.). "Where a seemingly serious request [for new counsel] is made, the trial court is obligated to conduct at least a minimal inquiry to determine the nature of the conflict and a possible resolution" (People v Graham, 188 AD3d 909, 910 [internal quotation marks omitted]).
Here, at the close of the trial, the defendant made no "specific factual allegations of serious complaints about counsel" (People v Williams, 238 AD3d 1074, 1075 [internal quotation marks omitted]). Accordingly, the County Court was not required to conduct a further inquiry regarding counsel's performance at that time.
At the sentencing proceeding, the defendant complained to the County Court that his counsel had withheld documents and information from him. The court then adjourned the sentencing proceeding, and the defendant was appointed new counsel. After the defendant made another complaint against counsel at the continued sentencing proceeding, the court provided the defendant a sufficient opportunity to make such allegations and adequately inquired into the circumstances surrounding the complaints (see People v Flores, 185 AD3d 958, 959).
The defendant's remaining contentions are without merit.
LASALLE, P.J., CHRISTOPHER, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court