OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division, insofar as appealed from, should be reversed and a new trial ordered.
 

 Pitts and two codefendants, Waldo and Jones, were jointly tried for crimes committed during a robbery in which two persons were fatally shot. All three defendants gave written and videotaped confessions to the police. The confessions were identical as to the nature of the crimes committed but differed as to the role each defendant played. The confessions of Waldo and Jones identified defendant as the trigger man. On the other hand, defendant portrayed himself in his confession as a lookout only who entered the crime scene apartment searching for drugs and was merely present when the second victim was shot dead.
 

 Defendant’s effort to sever the trials on a pretrial motion was denied and the three confessions were admitted at the joint trial with limiting instructions to the jury. Each defendant was convicted of two counts of intentional murder, two counts felony murder, and four lesser offenses, including robbery and burglary. Only defendant Pitts is before us by leave of a Judge of this court.
 

 Pitts argues that admission of his codefendants’ confessions deprived him of his Sixth Amendment right of confrontation. The Appellate Division has already reversed his conviction on the two intentional murder counts, concluding that the codefendants’ statements did not "interlock” with defendant’s confession as to those counts and were thus impermissibly
 
 *925
 
 admitted into evidence. As to the remaining counts, however, that court affirmed, noting that the confessions did "interlock” and were therefore properly admitted, as limited under the existing law.
 

 On appeal to this court, Pitts renews his challenge to the admission of the codefendants’ statements based on
 
 Cruz v New York
 
 (481 US —, 107 S Ct 1714), decided after the Appellate Division affirmed the conviction on the counts now before us. In
 
 Cruz,
 
 the Supreme Court held that "where a nontestifying codefendant’s confession incriminating the defendant is not directly admissible against the defendant * * * the Confrontation Clause bars its admission at their joint trial, even if the jury is instructed not to consider it against the defendant, and even if the defendant’s own confession is admitted against him” (481 US, at —, 107 S Ct, at 1719,
 
 supra).
 
 The Supreme Court ruled, however, that such situations were subject to harmless error analysis.
 

 The People concede before us that, under
 
 Cruz,
 
 the admission of the two codefendants’ statements as to the remaining counts was error, thus narrowing the decisive issue to whether the erroneous admission of this evidence is harmless beyond a reasonable doubt. It cannot be so viewed in this case under the governing principles
 
 (People v Crimmins,
 
 36 NY2d 230, 237;
 
 see also, People v Baker,
 
 23 NY2d 307, 318).
 

 On the contrary, the codefendants’ confessions and characterization of defendant’s central, instigatory role in the commission of these murders unquestionably presents the "reasonable possibility” that the jury was affected, especially in respect to its assessment of defendant’s proffered issue as to the voluntariness of Pitts’ own entire confession, not just some part or parts of it
 
 (People v Crimmins, supra,
 
 at 237 and 240-241).
 

 Defendant’s other contentions are either unpreserved or without merit, and it is unnecessary in this case to pass on the instruction to jury issue involving voluntariness of the defendant’s confession in view of our decision here which, along with the Appellate Division determination of the other counts, sends the entire case back to Supreme Court for a new and separate trial.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
 

 Order insofar as appealed from reversed, etc.