OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed. Except where directly admissible against a defendant (see, Lee v Illinois, 476 US 530), the admission, at a joint trial, of a nontestifying codefendant’s confession implicating the defendant is a violation of the defendant’s constitutional right to confront the witnesses against him (People v Cruz, 66 NY2d 61, revd 481 US 186, on remand 70 NY2d 733). Manifestly, such a violation occurred in this prosecution.
However, the constitutional error is, under the circumstances presented, harmless. In this case, defendant’s admissible confession was detailed, consistent and included a diagram and photographs of the murder scene. His confession was corroborated by substantial objective evidence: testimony that defendant entered the cab shortly before it was found burned with the driver dead in the trunk, testimony placing defendant near the scene of the crime shortly after the crime occurred, splattered with blood and smelling of smoke, and defendant’s girlfriend’s testimony that defendant confessed to killing the cab driver and burning the cab. Although defendant claimed, on the stand, that he gave no statement to the police, his explanation of the events of the night in question was vague. He stated that he was so intoxicated he remembered little of the night but did remember getting into a fight and seeing a fire. Given the detail of defendant’s confession and the substantial corroborative evidence, the error in receiving the codefendant’s confession was harmless beyond a reasonable doubt (see, People v Hamlin, 71 NY2d 750, 759; People v Crimmins, 36 NY2d 230, 237). Defendant’s remaining contention is without merit.
*830 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.