■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY WALDO, Appellant.—Judgment, Supreme Court, New York County (Clifford A. Scott, J., at hearing, trial, and sentence), rendered June 26, 1984, which convicted defendant, after a jury trial, of murder in the second degree (Penal Law § 125.25 [1] [intentional murder; two counts]); murder in the second degree (Penal Law § 125.25 [3] [felony murder; two counts]), robbery in the first degree (Penal Law § 160.15 [2]), burglary in the first degree (Penal Law § 140.30 [1]), criminal use of a firearm in the first degree (Penal Law § 265.09 [1] [two counts]), and criminal possession of a weapon in the second degree (Penal Law § 265.03), and, sentenced him to four concurrent prison terms of from 25 years to life on the murder counts, and, to lesser concurrent terms on the other

counts, is unanimously reversed, on the law and on the facts, judgment vacated, and, the matter is remanded for a new trial.

On December 11, 1982, the police found the dead bodies of two adult males, in a ransacked apartment, on the second floor of a brownstone located in New York County. As a result of their investigation, the police quickly arrested defendant and Messrs. Thomas Pitts and Tyrone Jones for the murders and robbery of those victims. The defendant, as well as Messrs. Pitts and Jones, gave written and videotaped confessions to the police. Although these confessions were similar in some respects, since the defendant and Messrs. Pitts and Jones all admitted participating in the robbery, they differed as to who committed the murders, since each person contended he did not do it, but that the others did.

Following their indictment for the crimes of murder, robbery, and related offenses, defendant's and his codefendants' motions for separate trials were denied.

At the joint trial, where neither defendant nor his codefendants testified, the trial court, over defendant's objection, admitted into evidence, with limiting instructions, the codefendants' confessions, which incriminated defendant. Thereafter, the jury found defendant and his codefendants guilty on all counts.

While the instant appeal was pending, the United States Supreme Court, in the case of *Cruz v New York* (481 US 186, 193 [1987]), held that: "where a nontestifying codefendant's confession incriminating the defendant is not directly admissible against the defendant * * * the Confrontation Clause bars its admission at their joint trial, even if the jury is instructed not to consider it against the defendant, and even if the defendant's own confession is admitted against him".

Since our review of the evidence in the instant case indicates that the proof of the defendant's guilt was far from overwhelming, we find, and the People concede, that the error of the trial court in admitting into evidence the confessions of the nontestifying codefendants was not "harmless beyond a reasonable doubt" *(Chapman v California,* 386 US 18, 24 [1967]; *see also, People v Pitts,* 71 NY2d 923, 925 [1988]; *People v Jones,* 139 AD2d 272, 278-279 [1988]).

Accordingly, we reverse, and remand for a new trial.

We have considered the other points raised on appeal, and find them to be without merit. Concur—Ross, J. P., Asch, Kassal and Wallach, JJ.