■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL THOMPSON, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: Defendant appeals from a judgment convicting him of two counts each of manslaughter in the first degree, murder in the second degree (felony murder), attempted murder in the second degree, assault in the second degree, and one count of robbery in the first degree, arising out of the stabbing deaths of the owners of the People's Clothing Store in Buffalo, and the wounding of an employee and a customer. The manslaughter convictions were lesser included offenses of two counts of intentional murder.

The manslaughter convictions must be reversed and the charges dismissed. The jury returned a verdict at 12:43 A.M. acquitting defendant of both counts of intentional murder but failed to render a verdict with regard to the lesser included offense of manslaughter. The clerk recorded that verdict in the minutes, the jury was polled, and it was discharged at 1:00 A.M. The members of the jury reconvened at 1:20 A.M. after the foreman informed the court that a portion of the verdict had not been reported. They then purported to report their full verdict, finding that defendant was guilty of manslaughter in the first degree on counts one and two. The court erred in accepting that as the verdict. Because the jury failed to render a verdict on those charges when it reported its verdict, the verdict must be deemed an acquittal on those counts (CPL 310.50 [3]; *see, Porret v City of New York,* 252 NY 208, 211; 8 Carmody-Wait 2d, NY Prac § 58:27).

Defendant also argues that the court committed reversible error in denying defendant's motion for a separate trial and in admitting into evidence the confession of a nontestifying codefendant (his brother, Mark *[see, People v Thompson,* 156 AD2d 960 (decided herewith)]). The People concede that a *Bruton* violation occurred *(Cruz v New York,* 481 US 186; *Bruton v United States,* 391 US 123) but contend that the error was harmless. We find that the *Bruton* violation with respect to the felony murder and robbery convictions was harmless beyond a reasonable doubt because defendant's own

statement provided the basis for those convictions and negated an element of the affirmative defense to felony murder *(see, People v Hamlin,* 71 NY2d 750, 755-756, 758).

The *Bruton* violation requires reversal of defendant's attempted murder and assault convictions, however, and provides an additional basis for reversal of the manslaughter convictions. Each of those crimes requires intent to cause death or some degree of physical injury, and defendant's own statement indicated that he intended only to rob the store. The surviving victims did not accuse this defendant of any stabbing. The codefendant's statement, however, indicated that there were discussions prior to the robbery "that people would be killed." That statement corroborated the only other proof of intent, Officer Gorski's testimony that defendant had told him that the two other participants in the crime discussed killing someone before the incident. It cannot be said that the admission of the codefendant's statement was harmless beyond a reasonable doubt with respect to those convictions *(see, People v Pitts,* 71 NY2d 923; *cf., People v Faust,* 73 NY2d 828, *rearg denied* 73 NY2d 995; *People v West,* 72 NY2d 941).

The convictions of manslaughter under the first and second counts must be reversed, the sentences imposed thereon vacated, and those counts dismissed. The convictions of second degree attempted murder (counts five and six) and second degree assault (counts seven and eight) must be reversed, based on the *Bruton* violation. Defendant may be retried under counts five and six of the original indictment charging him with second degree attempted murder. He was convicted of lesser included offenses under counts seven and eight, and those counts therefore are dismissed with leave to re-present to the Grand Jury if so advised *(see, People v Gonzalez,* 61 NY2d 633). (Appeal from judgment of Supreme Court, Erie County, Kasler, J.—murder, second degree.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ. (Order entered Dec. 8, 1989.)