THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE PACE, Appellant.—Judgment of the Supreme Court, New York County (Edwin Torres, J.), rendered on March 5, 1986, convicting defendant, following a jury trial, of murder in the second degree and two counts of kidnapping in the first degree and sentencing him to three concurrent indeterminate terms of from 25 years' to life imprisonment, is unanimously affirmed.

Defendant was jointly tried with five others (the case of a seventh codefendant having been severed) on murder and kidnapping charges arising out of the kidnapping and subsequent beating death of Thomas Vigliarolo, a Long Island businessman. During the course of the investigation into this matter, one of the perpetrators was identified as being a black male. The police also learned that a ransom package had been delivered by a woman in a small silver or gray car, later identified as a silver Horizon rented from the Am-Car Agency. Accordingly, the police staked out the rental office after they were advised that the person who had rented the subject automobile, Maria Talag, would be coming to pick up the deposit. Eventually a blue van pulled up, and one of the officers, posing as an attendant, approached the vehicle and asked its occupants if they wanted gas. He recognized the driver as Talag, who had already been identified as a suspect, from a photograph and the front passenger, Donna Hylton, from a sketch that he had with him. Defendant herein, a black male, was seated in the rear of the van. The two women entered the rental agency where they were recognized by the other policemen on the scene and were pointed out by the clerk as the persons who had rented the silver Horizon. Thus, defendant arrived at the Am-Car garage in the company of two women who had previously been positively identified as participants in an ongoing kidnapping and who were on the scene to collect a deposit for an automobile matching the description of the one used in the commission of the crime. Under these circumstances, the officers possessed probable cause to arrest defendant, and his statements, as well as other

evidence obtained incident to the lawful arrest, were properly admitted at trial. There is, similarly, no merit to defendant's contention that reversal of his conviction is mandated by *Cruz v New York* (481 US 186), decided after the completion of the trial in the instant matter. While the court did erroneously accept as evidence the confessions of two nontestifying codefendants implicating defendant, thereby violating his right to confront the witnesses against him, the proof of defendant's guilt was overwhelming even without the codefendants' statements. In that regard, defendant's own inculpatory statements, along with the testimony of witnesses, including some of the other codefendants, and the introduction of physical evidence were sufficient to establish beyond a reasonable doubt his complicity in the crimes charged. Consequently, the error in receiving the nontestifying codefendants' confessions was harmless beyond a reasonable doubt *(People v Faust,* 73 NY2d 828; *People v Hamlin,* 71 NY2d 750, 759). We have considered defendant's remaining arguments and do not perceive any errors requiring reversal. Concur—Ross, J. P., Asch, Milonas, Kassal and Smith, JJ.