■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SELMA PRICE, Appellant.—Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered March 6, 1986, convicting defendant, upon a plea of guilty, of murder in the second degree (Penal Law § 125.25 [3]) and sentencing· her to an indeterminate term of imprisonment of from 15 years to life, unanimously affirmed.

Contrary to defendant's contentions, the hearing court correctly denied defendant's motion to suppress statements. Police officers entered defendant's apartment after learning that the kidnapping victim was probably being held there. Once inside the apartment, they found the victim's body. A police officer picked up a camera in defendant's presence, and defendant stated that it belonged to her. The police officer's action in picking up the camera was not the "functional equivalent of interrogation". *(See, People v Huffman,* 61 NY2d 795.) There is no evidence that the officer's action was intended to evoke a response from defendant, or that he reasonably should have expected appellant to respond as she did. *(People v Huffman, supra; People v Jamison,* 73 AD2d 853.)

Furthermore, there is no basis for suppressing defendant's statements at the precinct as she waived her *Miranda* rights before agreeing to be interviewed. Once defendant invoked her right to remain silent, all police questioning ceased. *(See, People v Cunningham,* 49 NY2d 203, 205.)

Finally, defendant's argument that the plea allocution was insufficient must also fail. Defendant's argument is not preserved for appellate review, since she never moved to withdraw her plea prior to sentence or to vacate the judgment on these grounds. *(People v Lopez,* 71 NY2d 662.) In any event, a review of the plea minutes reveals that defendant's plea was knowingly and voluntarily given, and that she understood both the consequences of her plea and the waiver of rights

which accompanied it. *(People v Harris,* 61 NY2d 9.) Defendant's further argument, that her factual admissions were insufficient to support a conviction for felony murder, is both unpreserved and without merit. *(People v Lopez, supra.)* Concur—Sullivan, J. P., Milonas, Kassal, Wallach and Smith, JJ.