THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK THOMPSON, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: Defendant appeals from a judgment convicting him of two counts each of manslaughter, first degree, murder, second degree (felony murder), attempted murder, second degree and one count of robbery, first degree. The charges arose from the stabbing deaths of the two owners of the People's Clothing Store in Buffalo and the wounding of an employee and a customer. Defendant contends that the manslaughter convictions must be reversed and the charges dismissed because the jury failed to render a verdict with respect to those counts prior to its discharge. We agree, and so held on the appeal of his brother and codefendant *(People v Thompson,* 156 AD2d 961). The convictions on the first and second counts therefore must be reversed, the sentences vacated thereon, and those counts dismissed.

We find the *Bruton* violation *(Cruz v New York,* 481 US 186; *Bruton v United States,* 391 US 123) harmless beyond a reasonable doubt with respect to defendant's manslaughter, attempted murder and assault convictions because a surviving victim testified that defendant committed the stabbings *(see, People v Faust,* 73 NY2d 828, *rearg denied* 73 NY2d 995; *People v West,* 72 NY2d 941; *cf., People v Thompson, supra).* Even without that testimony, defendant's admission in his statement that he knew that Lemon, another codefendant, intended to kill the victims, but nonetheless participated, provided the basis for accessorial liability.

We have examined defendant's remaining contention on appeal, that his sentence was harsh and excessive, and find it lacking in merit. (Appeal from judgment of Supreme Court, Erie County, Kasler, J.—manslaughter, first degree.) Present —Denman, J. P., Boomer, Pine, Davis and Lowery, JJ.