■ The People of the State of New York, Respondent, v Arthur L. Saddler, Appellant.—Judgment affirmed. Memorandum: On defendant's appeal from his 1980 felony murder conviction, the People concede that the introduction of the nontestifying codefendants' statements at trial was barred by the Confrontation Clause of the United States Constitution *(see, Cruz v New York,* 481 US 186). We further conclude that the trial court erred in failing to suppress defendant's oral statements to the police. Defendant's request to remain silent was not scrupulously honored *(see, People v Wander,* 47 NY2d 724, 725; *People v Grant,* 45 NY2d 366, 375-376; *People v Pugh,* 70 AD2d 664) and the People failed to sustain their burden that defendant implicitly waived his right to remain silent *(see, People v Warren,* 97 AD2d 486, *appeal dismissed* 61 NY2d 886). We conclude, however, that those errors were harmless.

The evidence is overwhelming that defendant was involved in the attempted robbery of the bank and the murder of the bank guard. A bank customer identified defendant as one of the individuals who followed codefendant Samuel into the bank, where Samuel shot the bank guard. The bank manager further testified that defendant was involved in the scuffle with the bank guard, during which shots were fired and defendant fell to the floor. The other individuals involved in the scuffle attempted to drag defendant from the scene, but were unable to do so and ultimately left him bleeding on the sidewalk outside the bank. A neighborhood youth testified that he observed defendant and codefendants walking back and forth in a lot near the bank before the robbery and that shortly after the robbery, the three codefendants, one of whom was carrying a pearl-handled revolver, ran back through the lot. The witness further testified that at that time he observed defendant lying on the ground outside the bank. The People also introduced the testimony of Ronald Amerson, one of the participants in the robbery, who detailed the planning of the robbery and defendant's involvement in the robbery and shooting of the bank guard. Amerson's testimony was cumulative of the statements of defendant and the other codefendants introduced at trial.

Given the overwhelming proof of guilt found in the record, and the fact that defendant and codefendants' statements were merely cumulative, we conclude that there is no reasonable possibility that the erroneous admission of the evidence contributed to defendant's conviction (see, *People v Crimmins*, 36 NY2d 230; *see also, People v West*, 72 NY2d 941, 942; *People v Hamlin*, 71 NY2d 750; *People v Flecha*, 60 NY2d 766, 767).

We have reviewed defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit.

All concur, Lowery, J., not participating. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—murder, second degree.) Present—Doerr, J. P., Boomer, Lawton, Davis and Lowery, JJ.