■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THERESA HOLLAND, Appellant.—Judgment of the Supreme Court, New York County (Edwin Torres, J.), rendered March 12, 1986, convicting defendant, following a jury trial, of murder in the second degree and one count of kidnapping in the first degree, for which she was sentenced to concurrent terms of 25 years to life, is unanimously affirmed.

Defendant in this brutal kidnapping and murder was jointly tried with five other codefendants. A seventh codefendant was tried separately. We have affirmed with respect to the codefendants (see, People v Pace, 156 AD2d 321, lv denied 75 NY2d 968; People v Talag, 141 AD2d 1010, lv denied 72 NY2d 962; People v Peters, 141 AD2d 1010, lv denied 72 NY2d 960; People v Price, 160 AD2d 663). This case arose out of the kidnapping of a Long Island businessman, Thomas Vigliarolo. Defendants held Vigliarolo for two weeks, anticipating payment of ransom, during which time they beat him, sexually tortured him, and physically abused him, which resulted in his death. Defendant Holland participated in the beating. Statements by codefendant Pace, which are the subject of this appeal, established that Holland herself shoved a greased iron pipe inside the victim's rectum.

Substantial evidence independent of codefendants' statements established the kidnapping and homicide. The investigation led to defendant Holland. Police testimony established that she was in her apartment on April 7, 1985, when police identified themselves while knocking at her door. They permitted her time to dress, but stated that she would have to accompany them to the precinct, and did not have time for a shower. During that period of time, she answered the phone and spoke with someone for five minutes. When she requested to make a call, police informed her that she could make her call at the precinct. Police gave Holland the option of leaving like "a lady" or going out "in cuffs". She left uncuffed.

En route to the precinct, Holland claimed that she had forgotten her medicine; police assured her that someone could

go back for her medication, to which she agreed "All right, I'll get it later". At the precinct, Holland was given the *Miranda* warning. During the next 2½ hours, she answered questions. Holland's oral statement was reduced to writing. She described how the kidnapping occurred and admitted acting as lookout. She also admitted that she had hit the victim with a belt several times, and described other forms of physical abuse inflicted by the other defendants. She also admitted sexually abusing him, burning him with cigarettes, hitting him with a board, and placing a rod inside his rectum. Police testimony at the hearing established that Holland had not been handcuffed or restrained during questioning, was given coffee, was offered food, and that she never asked for medication and appeared lucid and at ease.

At trial, codefendants Pace and Talag did not testify. With respect to the introduction of the confessions of codefendants Pace and Talag, reversal is not mandated by *Cruz v New York* (481 US 186), decided after the completion of trial in the present case. Although introduction of the confessions of nontestifying codefendants which interlocked with the confession of defendant would be error under *Cruz,* as a violation of defendant's right to confront the witnesses against her, evidence independent of these confessions overwhelmingly established defendant's guilt beyond a reasonable doubt. Defendant's own inculpatory statement, along with the testimony of witnesses, including that of testifying codefendants, and the introduction of physical evidence, established her complicity in the crimes charged beyond doubt. As such, the error was harmless beyond a reasonable doubt *(People v Faust,* 73 NY2d 828, *rearg denied* 73 NY2d 995). With respect to the suppression ruling, it is well settled that great deference is given to findings of credibility by the motion courts *(People v Prochilo,* 41 NY2d 759). We do not disturb those findings, and under the totality of the circumstances relevant to the taking of her statement *(see, e.g., People v Anderson,* 42 NY2d 35), we find no merit to defendant's contention on appeal that her statement was not voluntarily given. Defendant has failed to preserve as a matter of law her challenge to the court's instruction on duress (CPL 470.05 [2]). In any event, defendant's contention is meritless. Finally, we find no merit in defendant's challenge to her sentence as being excessive. Concur—Murphy, P. J., Carro, Rosenberger and Smith, JJ.