■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY BROWN, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction of murder in the second degree, defendant's primary contention is that the court erred in denying his motion to sever his prosecution from that of his codefendant, Carlton Lewis (see, People v Lewis, 182 AD2d 1093). Defendant argues that the court's refusal to grant severance violated his Bruton rights (see, Bruton v United States, 391 US 123), and that redaction of Lewis' statement was insufficient to prevent prejudice to him. We conclude that defendant was not prejudiced by the court's denial of severance. From the standpoint of defendant's confrontation rights, redaction of Lewis' statement was very effective. Defendant was not referred to in the redacted statement, nor did it allude to any other participant in the murder. Defendant has failed to preserve his contention that severance should have been granted pursuant to People v

*Mahboubian* (74 NY2d 174) on the ground that the defenses were antagonistic, and we decline to consider that contention in the interest of justice.

Defendant additionally contends that the verdict is against the weight of the evidence. We disagree. Direct evidence of defendant's involvement in the murder was provided by his accomplice. The accomplice testimony was corroborated by several witnesses and various items of physical evidence, all of which established defendant's presence in and around the house where the murder occurred, thus "tending to connect the defendant with the commission" of that crime (CPL 60.22 [1]).

We have reviewed defendant's challenges to the court's instructions and conclude that they do not require reversal. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Murder, 2nd Degree.) Present—Denman, P. J., Boomer, Pine, Balio and Fallon, JJ.