■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL L. SHELTON, Appellant. [619 NYS2d 436] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of felony murder, one count of manslaughter in the second degree, three counts of burglary in the first degree, one count of criminal possession of a weapon in the third degree, and three counts of attempted robbery in the first degree. Defendant's motion for a severance was denied and defendant was tried jointly with a codefendant, whose statement was admitted at trial. The People concede that a *Bruton* violation occurred *(see, Cruz v New York,* 481 US 186; *Bruton v United States,* 391 US 123) but argue that the error is harmless. We agree. A *Bruton* violation is subject to harmless

error analysis *(see, People v Pitts,* 71 NY2d 923, 925). To determine whether such an error is harmless in a particular case, a reviewing court must consider "(1) the quantum and nature of the evidence against defendant if the error is excised and (2) the causal effect the error may nevertheless have had on the jury" *(People v Hamlin,* 71 NY2d 750, 756). Here, the testimony of two other accomplices as well as defendant's statement, which was properly admitted into evidence, provides overwhelming proof of defendant's guilt. The statement of the non-testifying codefendant was merely cumulative and its admission harmless *(see, People v Faust,* 73 NY2d 828, 829, *rearg denied* 73 NY2d 995; *People v West,* 72 NY2d 941; *People v Saddler,* 166 AD2d 878, 879, *lv denied* 77 NY2d 843, *cert denied* 500 US 955; *People v Thompson,* 161 AD2d 1203).

The prosecutor improperly elicited testimony concerning defendant's refusal to answer certain questions asked by police officers and improperly commented, in his opening statement and upon summation, upon defendant's refusal to answer those questions *(see, People v Basora,* 75 NY2d 992, 993; *People v Von Werne,* 41 NY2d 584, 588). The misconduct was not pervasive and is harmless in light of the overwhelming evidence of guilt *(see, People v Mangarella,* 190 AD2d 757, 758).

Defendant failed to demonstrate good cause for the substitution of assigned counsel *(see, People v Sides,* 75 NY2d 822, 824). The court did not err in refusing to allow defendant to substitute counsel on the eve of trial *(see, People v Tineo,* 64 NY2d 531, 536; *People v Ashraf,* 186 AD2d 1057, 1058, *lv denied* 80 NY2d 1025). We further conclude that defendant was not denied effective assistance of counsel *(see, People v Baldi,* 54 NY2d 137, 146-147).

Because it is theoretically impossible to commit the crime of attempted robbery in the first degree under Penal Law § 160.15 (1), defendant's conviction of that crime under count six of the indictment must be reversed, the sentence imposed thereon vacated, and that count dismissed *(see, People v Miller,* 201 AD2d 109). We decline to modify defendant's sentence as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [b]). We have reviewed defendant's remaining arguments and conclude that they are lacking in merit. (Appeal from Judgment of Supreme Court, Erie County, Kasler, J.—Murder, 2nd Degree.) Present—Balio, J. P., Lawton, Wesley, Doerr and Davis, JJ.