■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THAMUD ELDRIDGE, Appellant. [634 NYS2d 603] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the second degree and three counts of attempted robbery in the first degree. We reject the argument of defendant that his statement to Buffalo Police Detectives should have been suppressed as involuntary. The record supports the determinations of Supreme Court, following a Huntley hearing, that defendant was given proper Miranda warnings and that he effectively waived his rights and freely and voluntarily gave a statement. In light of our determination that defendant's statement was properly admitted at trial, it is unnecessary to reach the argument of defendant that, if his statement were suppressed, the remaining evidence would not sufficiently corroborate the testimony of the accomplices.

The court did not abuse its discretion in denying defendant's request for an adjournment to secure the testimony of witnesses whose identity was revealed in a police report turned over to the defense immediately prior to the commencement of the trial. The report was not Brady material because it did not contain information that was favorable and material to the defense (see, People v Vilardi, 76 NY2d 67, 73; People v Delvecchio, 187 AD2d 726, lv denied 81 NY2d 884). In any event, the report was given to defendant in sufficient time for him to make meaningful use of it (see, People v Cortijo, 70 NY2d 868, 870; People v Wilson, 167 AD2d 946, 947, lv denied 77 NY2d 845). Defendant failed to object to the prosecutor's comment on summation that a prosecution witness had "the air and appearance of a believable witness". Thus, his present challenge

to its propriety is not preserved for our review *(see,* CPL 470.05 [2]). We decline to exercise our power to review the issue as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6] [a]). Defendant's sentence is neither unduly harsh nor severe *(see,* CPL 470.15 [6] [b]).

The conviction of manslaughter in the second degree is not inconsistent with the acquittal of two counts of felony murder *(see, People v Goodfriend,* 64 NY2d 695, 697), nor is the conviction of three counts of attempted robbery in the first degree inconsistent with the acquittal of three counts of burglary in the first degree *(see, People v La Pella,* 135 AD2d 735, *lv denied* 71 NY2d 898). The court did not err in accepting the testimony of the medical examiner without formally certifying the witness as an expert *(see, People v Gordon,* 202 AD2d 166, 167, *lv denied* 83 NY2d 911). The People concede that a *Bruton* violation occurred when the statement of a non-testifying codefendant was admitted at the joint trial. Because that statement was merely cumulative of other evidence properly admitted at trial, we conclude that the error was harmless *(see, People v Shelton,* 209 AD2d 963, *lv denied* 85 NY2d 980).

Because it is theoretically impossible to commit the crime of attempted robbery in the first degree under Penal Law § 160.15 (1), we modify the judgment by reversing defendant's conviction of attempted robbery in the first degree under count six of the indictment, vacating the sentence imposed thereon and dismissing that count *(see, People v Shelton, supra; People v Miller,* 201 AD2d 109, 112-113, *lv granted* 84 NY2d 938). (Appeal from Judgment of Supreme Court, Erie County, Kasler, J.—Manslaughter, 2nd Degree.) Present—Pine, J. P., Fallon, Callahan, Doerr and Davis, JJ.