■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRELL HALES, Appellant. [709 NYS2d 276] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law §§ 20.00, 125.25 [1]) and unauthorized use of a vehicle in the first degree (Penal Law §§ 20.00, 165.08). Contrary to defendant's contention, the People were not required to establish that defendant's conduct, rather than codefendant's conduct, caused the victim's death (*see,* Penal Law § 20.00). The further contention of defendant that the evidence is legally insufficient to establish that he shared codefendant's intent to kill the victim is unpreserved for our review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19). In any event, the evidence, viewed in the light most favorable to the People (*see, People v Williams,* 84 NY2d 925, 926; *People v Thompson,* 72 NY2d 410, 413, *rearg denied* 73 NY2d 870), is legally sufficient to establish that defendant intentionally aided codefendant in killing the victim; it was not necessary for the People to establish that defendant had a motive to kill the victim.

Defendant contends that his second statement to the police should have been suppressed as involuntary. We disagree. Defendant, who was then 16 years old, arrived at the police station with his mother, who remained with him there throughout the day. He was given *Miranda* warnings and agreed to give an initial statement. Defendant was allowed to eat, drink, sleep, watch television and speak with his mother privately. During the afternoon, the police received additional information concerning the crime and arrested defendant. At that point, defendant's mother yelled at defendant to tell the truth, and defendant agreed to give a second statement. We reject the contention that defendant's mother was acting as an agent of the police (*see, People v Galloway,* 138 AD2d 735, 737, *lv denied*

71 NY2d 1027), and, in any event, defendant was given his *Miranda* warnings (*see, People v Ray,* 65 NY2d 282, 286). We reject the further contention of defendant that the police used his mother to circumvent his invocation of the right to remain silent (*see, People v De Pasquale,* 54 NY2d 693, 694-695; *see also, People v Proctor,* 135 AD2d 751, 752, *lv denied* 71 NY2d 1031). Contrary to defendant's contention, the 11-hour period that defendant was in the police station, without more, does not render his second statement inadmissible (*see, People v Tarsia,* 50 NY2d 1, 12-13; *People v Guinta,* 162 AD2d 970, *lv denied* 76 NY2d 857). Finally, there was no "unnecessary delay" by the police in filing the accusatory instrument (CPL 140.20 [1]; *see, People v Ortlieb,* 84 NY2d 989, 990).

Defendant contends that the redaction of his second statement to exclude references to codefendant transformed it from an exculpatory to an inculpatory statement. Defendant failed to move for a severance or to object to the redaction of the statement, and thus failed to preserve his contention for our review (*see,* CPL 470.05 [2]; *cf., People v Lewis,* 182 AD2d 1093, 1094-1095, *lv denied* 80 NY2d 834). In any event, defendant's contention is without merit because the statement, as redacted, nevertheless indicated that "another person" was in the room and was the primary actor in committing the murder (*cf., People v Lewis, supra,* at 1094).

We reject the contention of defendant that he was denied effective assistance of counsel. "[T]he evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation," establish that counsel provided meaningful representation (*People v Baldi,* 54 NY2d 137, 147). Defendant failed to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged inadequacies (*see, People v Garcia,* 75 NY2d 973, 974). (Appeal from Judgment of Erie County Court, Drury, J.—Murder, 2nd Degree.) Present—Green, J. P., Hayes, Wisner and Hurlbutt, JJ.